## Daniel T. Phenix, Appellant, v. Samuel Wilson, Sheriff, Appellee.

### Gen. No. 5,744.

1. Executions—*bill of sale.* To secure loans and advances, a bill of sale was executed for an automobile, which was delivered to the creditor and later seized by a sheriff under a deficiency decree against the debtors. *Held,* that the bill of sale was a bona fide transaction, and that replevin would lie against the sheriff.

2. Appeals and errors—*failure to assign cross-errors.* Where an appellee fails to assign cross-errors, he cannot maintain a charge of fraud against appellant.

Appeal from the Circuit Court of Henry county; the Hon. Frank D. Ramsay, Judge, presiding. Heard in this court at the October term, 1912. Reversed and remanded. Opinion filed April 8, 1913.

Sturtz & Ewan and John T. Cummings, for appellant.

Anderson & Andrews, for appellee.

Mr. Presiding Justice Dibell delivered the opinion of the court.

The proofs in this case show that Grace L. Ladd and Ernest C. Ladd, her brother, were largely indebted to Daniel T. Phenix and expected from him further advances. To secure him therefor, Grace L. Ladd, with the sanction of Ernest C. Ladd, executed to Phenix a bill of sale of certain personal property including an automobile. Afterwards Phenix took possession of the automobile and had possession thereof when it was seized by the sheriff upon an execution against Ernest C. Ladd and Grace L. Ladd under a deficiency decree against them in favor of John H. Ladd in a certain chancery proceeding wherein Ernest C. and Grace L. Ladd sought to redeem certain premises from a deed which they had given John H. Ladd, their uncle, Thereupon Phenix brought this replevin suit against the sheriff to recover said automobile and filed the

usual declaration, charging a wrongful taking of the automobile and a wrongful detention thereof. The sheriff pleaded *non cepit, non detinet* and a special plea setting up said execution and his levy upon said automobile and that it was the property of Ernest C. Ladd and of Grace L. Ladd and not of the plaintiff, and was subject to execution. Plaintiff replied that said automobile was the property of the plaintiff and not of Ernest C. Ladd and of Grace L. Ladd. There was a verdict and a judgment for the defendant, from which Phenix appeals.

The court gave the jury three forms of verdict, one if they found the issues for the plaintiff generally, one if they found the issues for the defendant and also found that Ernest C. Ladd was the sole owner of the automobile, and another if they found the issues for the defendant and that plaintiff was the owner of an undivided half of said automobile. The jury adopted the form of verdict last above stated and thereby found that Phenix was the owner of an undivided half of said automobile. This was equivalent to finding that Ernest and Grace had been joint owners of the automobile and that the bill of sale by Grace conveyed title to Phenix for one half of the automobile and that the title to the other half remained in Ernest and was subject to levy under said execution. The main effort of appellee was to prove that the bill of sale to Phenix was fraudulent and designed to prevent John H. Ladd and other creditors of Ernest and Grace Ladd from resorting to the property covered by said bill of sale for the purpose of collecting their debts. The verdict was equivalent to finding that the transaction was not fraudulent. Appellee has not assigned any cross-errors and we therefore must treat the transaction as free from fraud, notwithstanding appellee seeks to support the judgment chiefly by arguing that the proof shows that the bill of sale was a fraud.

Treating the transaction as relieved of the charge of

fraud, we are of the opinion that the jury should have found from the evidence, either that Grace owned the entire automobile, or that Grace and Ernest owned it and that she made the bill of sale to Phenix with the knowledge and approval of her brother; and also that she made the bill of sale as security both for what she owed appellant and what her brother owed appellant, and also for what appellant might thereafter advance to either, and that since that bill of sale was made and before the levy, appellant made other advances to Ernest in reliance upon the bill of sale as security, and that appellant is entitled to hold the automobile as security for those debts, both as against the sheriff and as against John H. Ladd, the execution creditor; and that the amount of these debts exceeds the value of the automobile. The verdict therefore should have been for appellant under the evidence.

Since the trial of this case in the court below we reversed the decree in favor of John H. Ladd, under which the execution in question was issued. Ladd v. Ladd, 175 Ill. App. 101. The nature of our decision in that case was such that in that case John H. Ladd will either receive all that is due him or he will take the real estate involved in that proceeding in full satisfaction of his claims, and he will not thereafter be a creditor in any matter involved in that litigation and, unless Ernest or Grace owed him some other debt, no fraud could be committed upon him by any transfer of this automobile.

The judgment is therefore reversed and the cause is remanded.

*Reversed and remanded.*